William H. Ingaldson
bill@impc-law.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

LISA HOWE, )
)
        Plaintiff, )
)
v. )
) Case No. 3AN-20-_____ CI
WHIRLPOOL CORPORATION, )
)
        Defendants. )
_____ )

## COMPLAINT

Plaintiff Lisa Howe ("Howe"), by and through her attorneys Ingaldson Fitzgerald, alleges the following facts and claims against Whirlpool Corporation ("Whirlpool"):

### Jurisdiction & Venue

1. Ms. Howe is a resident of Anchorage, Alaska, and has been at all times relevant to this suit.

2. Whirlpool placed its products into the stream of commerce, which led to the refrigerator at issue in this case being placed into the stream of commerce in Anchorage, Alaska.

Howe v. Whirlpool Corp.
Case 3AN-20-_____ CI
COMPLAINT

Page 1 of 6

Exhibit A
Page 1 of 6

Case 3:20-cv-00050-TMB   Document 1-1   Filed 03/02/20   Page 1 of 6

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

3. Ms. Howe purchased the refrigerator at issue in this case in Anchorage, Alaska.

4. Ms. Howe's refrigerator subsequently exploded in her home in Anchorage, Alaska.

5. This court has jurisdiction by virtue of the above facts and venue is appropriate in Anchorage, Alaska, for the same reason.

**General Allegations**

6. Ms. Howe reincorporates her prior allegations contained in this Complaint.

7. Ms. Howe purchased a refrigerator manufactured by Whirlpool, model number MFI2569YEM0 and serial number K12055464 ("Defective Refrigerator").

8. On September 17, 2019, the Defective Refrigerator spontaneously exploded in her home.

9. On information and belief, the cause of this explosion was that parts in the Defective Refrigerator failed, which led to build up of refrigerant and overheating, which led to the refrigerant igniting and blowing apart the refrigerator within seconds.

10. There was no warning from Whirlpool that such a problem could occur.

11. The concussive effect of the explosion blew an exterior door off its frame and blew the frame of the foundation and apart from the adjoining walls.

12. It also caused structural damage to her including damage to wall studs and support posts.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

```
Howe v. Whirlpool Corp.
Case 3AN-20-_____ CI
COMPLAINT
```

13. Shrapnel shot throughout Ms. Howe's house, destroying furniture and fixtures, penetrating walls and areas of the ceiling, and penetrating an interior steel door. It is a miracle that no one was killed.

14. Ms. Howe, who was in her house at the time of the explosion, suffered a severe concussion. That traumatic brain injury continues to cause her severe headaches and neurocognitive problems that affect her daily and for which she is seeking medical care.

15. The explosion has also caused Ms. Howe severe emotional distress for which she is also receiving care from mental health professionals.

### Count I – Strict Products Liability & Failure to Warn

16. Ms. Howe reincorporates her prior allegations contained in this Complaint.

17. The Defective Refrigerator was defective in that it spontaneously exploded. As such, the Defective Refrigerator:

   a. differed from the Whirlpool's intended result;

   b. failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner;

   c. failed to include a warning that clearly indicated the scope of the risk or danger posed by the product, reasonably communicated the extent or seriousness of harm that could result from the risk or danger, and failed to convey such a warning in a manner that would alert a reasonably prudent person; and

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Howe v. Whirlpool Corp.
Case 3AN-20-_____ CI
COMPLAINT

18. The defect causing the propensity to explode existed when the Defective Refrigerator left Whirlpool's possession.

19. The defect causing the Defective Refrigerator to explode the defective condition in the product was so important in bringing about the harm to Ms. Howe that a reasonable person would regard it as a cause and attach responsibility to it, and the harm would not have occurred but for the defective condition of the Defective Refrigerator.

20. Ms. Howe has been harmed by the Defective Refrigerator in an amount to be proven at trial, but in no event less than $100,000.

### Count II – Negligence & Reckless Conduct

21. Ms. Howe reincorporates her prior allegations contained in this Complaint.

22. Whirlpool has been aware since at least 2015 that its refrigerators could explode. At the time, Whirlpool stated that it was taking the issue "very seriously."

23. Since then, a number of Whirlpool refrigerators have exploded in the United States.

24. In the United Kingdom, a refrigerator manufactured by Whirlpool under its Maytag brand started a fire that killed 79 people.

25. In spite of the potentially life-threatening consequences, Whirlpool has done nothing to either fix the problem with refrigerators that it placed in the stream of commerce or to warn the owners of such refrigerators of the potential issue.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

```
Howe v. Whirlpool Corp.
Case 3AN-20-_____ CI
COMPLAINT
```

26. In fact, reports from the United Kingdom indicate that Whirlpool is actively covering up the issues and that it may have been at the time the Defective Refrigerator was purchased.

27. This conduct on Whirlpool's part is, at a minimum, reckless.

28. Whirlpool has engaged in this conduct for the purpose of a profit motive.

29. Whirlpool's conduct has placed the safety of its customers, including Ms. Howe, in danger as evidenced by the people who have been killed by Whirlpool manufactured refrigerators.

30. Whirlpool's conduct has caused harm to Ms. Howe in an amount to be proven at trial, but in no event less than $100,000.

Ms. Howe therefore requests to the following relief:

1. Compensatory damages;

2. General damages for pain and suffering and emotional distress.

3. Exemplary damages;

4. Attorney fees and costs; and

5. Such other amounts as the Court deems just and reasonable.

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Howe v. Whirlpool Corp.
Case 3AN-20-_____ CI
COMPLAINT

Dated this 27th day of January, 2020

INGALDSON FITZGERALD, P.C.
Attorneys for Plaintiff Lisa Howe

By: _____
William H. Ingaldson
ABA No. 8406030

W:\5532.001\Pleadings\Complaint.doc

INGALDSON
FITZGERALD,
P.C.
Lawyers
813 W. 3rd Avenue
Anchorage,
Alaska
99501-2001
(907) 258-8750
FAX: (907) 258-8751

Howe v. Whirlpool Corp.
Case 3AN-20-_____ CI
COMPLAINT

Page 6 of 6

Exhibit A
Page 6 of 6

Case 3:20-cv-00050-TMB   Document 1-1   Filed 03/02/20   Page 6 of 6